**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Paparella, | No. CV-22-02040-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Plume Design Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Plume Design Incorporated's Motion to Dismiss or, in the Alternative, Transfer under Federal Comity, Federal Rule of Civil Procedure 12(b)(4), and 28 U.S.C. § 1404(a) (Doc. 5, MTD), to which Plaintiff Michael Paparella filed a Response (Doc. 10, Resp.) and Defendant filed a Reply (Doc. 11). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

**I.      BACKGROUND**

There are two separate suits at issue. In both actions, Plaintiff alleges that after Defendant terminated his employment, Plaintiff was not paid commissions, bonuses, and unvested stock options to which he was entitled. (Doc. 1-1 at 14–18, Am. Compl.; MTD at 3, 4, 6, 8.)

The first suit was filed on February 9, 2022, in California Superior Court, County of Santa Clara. (MTD at 4.) The case was later removed to the District Court for the Northern District of California on March 1, 2022 (the "California Action"). (MTD at 4.)

The California Action originally consisted of eight claims: (1) breach of contract; (2) illegal forfeiture; (3) wage waiting time penalties after termination under California Labor Code § 203; (4) failure to pay timely wages during employment under California Labor Code § 210; (5) age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (6) age harassment in violation of FEHA; (7) failure to prevent discrimination and harassment in violation of FEHA; and (8) wrongful termination. (MTD at 4–5.) Plaintiff in the California Action argued that wages he was entitled to included commissions, bonuses, and unpaid stock options. (MTD at 4–5.)

Defendant moved to dismiss all claims in the California Action under Federal Rule of Civil Procedure 12(b)(6). (MTD at 5.) In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff argued for the application of California law pursuant to a California choice of law and venue provision contained in the Propriety Information and Inventions Agreement ("PIIA") that Defendant had incorporated into Plaintiff's Employment Agreement by reference. (MTD at 5.) On July 25, 2022, the Northern District granted in part and denied in part Defendant's motion to dismiss. (MTD at 5.) After finding that Plaintiff had failed to show that California statutory law applied to him, the Northern District dismissed Plaintiff's FEHA and wage claims. (MTD at 5.) However, that court found that Plaintiff's common law claims—breach of contract and illegal forfeiture—were governed by the choice of law and venue provisions in the PIIA. (MTD at 5–6.)

After an unsuccessful mediation on October 3, 2022, Plaintiff filed this action (the "Arizona Action") on October 17, 2022, in Arizona Superior Court, County of Maricopa, and Defendant later removed it to this Court. (MTD at 6.) In the Arizona Action, Plaintiff claims that Defendant violated A.R.S. § 23-353 by failing to pay him wages, including commissions, referral fees, bonuses, and stock options. (Am. Compl. at 3.) Plaintiff asserts that he is entitled to treble damages under A.R.S. § 23-355 and costs and attorney's fees under A.R.S. § 23-364(G) and A.R.S. § 12-341.01. (Am. Compl. at 3.) Defendant now moves to dismiss the Arizona Action or, in the alternative, transfer the Arizona claims to

the Northern District under the doctrine of federal comity, Federal Rule of Civil Procedure 12(b)(4), and 28 U.S.C. § 1404(a). (MTD at 1.)

## II.   LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (citation omitted). "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Id.* at 95. This is called the "first to file" rule. *Id.*

"The 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* (internal quotation omitted). "When applying the first to file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)).

When deciding whether to apply the first to file rule, district courts look to three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn L. Grp.*, 787 F.3d at 1240. "However, [the] 'first to file' rule is not a rigid inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

## III.   ANALYSIS

Defendant argues that all of Plaintiff's claims in the Arizona Action should be dismissed or, in the alternative, transferred to the District Court for the Northern District of California pursuant to Federal Rule of Civil Procedure 12(b)(4) and 28 U.S.C. § 1404(a). (MTD at 1–2.) First, Defendant contends that Plaintiff's claims should be dismissed or transferred under the first to file rule. (MTD at 7–9.) Second, Defendant asserts that

Plaintiff should be judicially estopped from opposing the dismissal or transfer. (MTD at 9-12.) Third, Defendant requests that the Court issue an Order to Show Cause regarding why Plaintiff and his counsel should not be sanctioned under Federal Rule of Civil Procedure 11 for filing the Arizona Action. (Reply at 7.) In Plaintiff's Response, he agrees with Defendant's alternative request to transfer the Arizona Action to the Northern District but contends that the claims should not be dismissed. (Resp. at 5.)

### A. The First to File Rule

Defendant argues that all three factors analyzed under the first to file rule support the dismissal or transfer of Plaintiff's claims. (MTD at 7.) In his Response, Plaintiff only disputes the similarity of the issues between the two lawsuits. (Resp. at 5–6.) Plaintiff does not dispute that the California Action was filed before the Arizona Action and that the parties in both suits are identical, and the Court finds that the first two requirements of the first to file rule are met. Thus, the only factor to be analyzed is the similarity of the issues.

#### 1. The Issues in Both Lawsuits Are Substantially Similar

In its Motion, Defendant argues that the issues in both the Arizona Action and the California Action are substantially similar because two issues are central in both actions: (1) Plaintiff's Employment Agreement and whether he is entitled to certain commissions, bonuses, and stock options under that agreement; and (2) the nature of Plaintiff's termination and whether its circumstances impact Plaintiff's alleged entitlements under the Employment Agreement. (MTD at 9.) On the other hand, Plaintiff contends that the issues are different because he never filed Arizona claims in the Northern District. (Resp. at 6.)

Under the first to file rule, issues between the two lawsuits only need to be substantially similar. *See Kohn L. Grp.*, 787 F.3d at 1240–41 (citation omitted). When analyzing if two lawsuits have substantially similar issues, the Court must determine whether there is "substantial overlap" between the issues. *Id.* at 1241.

The issues in both the Arizona Action and the California Action substantially overlap. Both lawsuits will require a court to determine whether Plaintiff is entitled to commissions, bonuses, and stock options under his Employment Agreement with

Defendant. Few issues, if any, are unique to the Arizona Action. Both suits involve the same facts and, in both, Plaintiff claims damages of unpaid commissions, bonuses, and stock options. For this reason, the third factor of the first to file rule is met.

### 2.  Dismissal Without Prejudice of the Arizona Action Is Appropriate Under the First to File Rule

Once a court determines that the first to file rule applies, the District Court may transfer, stay, or dismiss the action. *C21FC LLC v. NYC Vision Cap. Inc.*, No. CV-22-00736-PHX-SPL, 2022 WL 2646168, at *2 (D. Ariz. July 8, 2022) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)).

The proper procedure for Plaintiff to bring his claims in the California Action is by way of a motion to amend under Federal Rule of Civil Procedure 15, so the Court finds dismissal without prejudice of the Arizona Action is appropriate. *See Horner v. Youghiogheny Commc'ns, L.L.C.*, No. CV 05-3800-PHX-NVW, 2006 WL 1328803, at *6 (D. Ariz. May 12, 2006) (noting that a dismissal without prejudice is the practical equivalent of a transfer of venue). Since the Court finds that dismissal without prejudice under the first to file rule is appropriate in this case, the Court does not reach the merits of Defendant's other arguments.[1]

### B.  Sanctions Under Federal Rule of Civil Procedure 11

In its Reply, Defendant asks the Court to issue an Order to Show Cause why Plaintiff and his counsel should not be sanctioned under Federal Rule of Civil Procedure 11 for their respective conduct in filing and maintaining the Arizona Action. (Reply at 7.) The Court does not find that Plaintiff's or his attorney's conduct rises to the level of sanctionable behavior. *See* Fed. R. Civ. P. 11(c)(3). For that reason, the Court declines Defendant's request to issue an Order to Show Cause under Rule 11.

---

[1] Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(4), but it is unclear to the Court how that rule is implicated here.

- 5 -

**IV. CONCLUSION**

For the reasons stated above, the Court grants Defendant's Motion to Dismiss under the first to file rule and declines to issue an Order to Show Cause under Federal Rule of Civil Procedure 11.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 5). All counts are dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment and close this case.

Dated this 10th day of March, 2023.

Honorable John J. Tuchi
United States District Judge